CERTIFIED A TRUE COPY
Jessica J. Lyublanovits, Clerk of Court

By Donna Bazzih
Deputy Clerk

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION                               MDL No. 2885

### TRANSFER ORDER

**Before the Panel:** Plaintiffs in the actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred the actions to the Northern District of Florida for inclusion in MDL No. 2885 or, alternatively, to stay our decision on the motions until the District of Minnesota rules on their motions to remand to state court.[1] Defendants 3M Company and Aearo Technologies, LLC, oppose the motions to vacate.

After considering the argument of counsel, we find that these actions involve common questions of fact with the actions transferred to MDL No. 2885, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2885 arise out of allegations that defendants' Combat Arms earplugs were defective, causing plaintiffs to develop hearing loss and/or tinnitus. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 366 F. Supp. 3d 1368 (J.P.M.L. 2019). Plaintiffs in the MDL No. 2885 actions also allege that defendant Aero falsified test results for the earplugs and used modified fitting instructions that provided more protection to users, but that those instructions were not disclosed to plaintiffs. Like plaintiffs in the MDL No. 2885 actions, plaintiffs in the actions now before the Panel allege that (1) the flanges on Combat Arms earplugs fold back when used as instructed, loosening the seal in the ear canal of the user; (2) the testing of the earplugs revealed a proper method of insertion that was not communicated to users; and (3) consequently, plaintiffs suffer from hearing loss and/or tinnitus. The actions thus squarely fall within the ambit of MDL No. 2885.

Plaintiffs in these actions allege only a failure-to-warn claim, while most MDL No. 2885 actions also bring a claim for design defect. But plaintiffs' failure-to-warn claims are similar to those alleged in the MDL No. 2885 actions.[2] Thus, these actions share factual and legal questions

---

[1]     Motions to vacate the conditional transfer of four additional removed District of Minnesota actions were included in the Panel's Hearing Session Order dated December 15, 2021. On January 27, 2021, the District of Minnesota granted plaintiffs' motions to remand those actions to state court. Those four motions to vacate, therefore, are moot, and the Panel Clerk vacated the conditional transfer orders with regard to those actions. *See* Order Vacating Conditional Transfer Orders, MDL No. 2885, ECF No. 1108 (J.P.M.L. Jan. 28, 2021).

[2]     *See, e.g., Akin* Compl., ¶ 238 ("Defendants failed to warn, failed to provide instructions, and failed to provide an adequate label that included the modified fitting instructions necessary for

with the MDL No. 2885 actions concerning, *inter alia*, the adequacy of the insertion instructions, the different insertion method allegedly used during testing, and the allegation that when the earplugs were inserted as instructed, they did not work properly. Plaintiffs in these actions allege they are civilians rather than, like most MDL No. 2885 plaintiffs, current or former members of the military. But at least three actions that were filed in or transferred to MDL No. 2885 name plaintiffs who are civilians alleging injury from the use of Combat Arms earplugs. And the MDL No. 2885 master complaint includes allegations that Combat Arms earplugs were used by civilians. *See* Master Compl., MDL No. 2885, ECF No. 704, ¶ 3. Both military and civilian plaintiffs allege that Combat Arms earplugs loosen in wearers' ears unless the third flange of the non-inserted end is folded back, and most allege that defendants' testing of the earplugs revealed this issue. Thus, discovery in all actions, including the actions now before the Panel, will concern, for example, the design and testing of Combat Arms earplugs, as well as the warnings provided. The Panel repeatedly has held that "Section 1407 does not require a complete identity of common factual issues as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant when, as here, the actions still arise from a common factual core." *In re New England Compounding Pharm., Inc. Prods. Liab. Litig.*, 38 F. Supp. 3d 1384, 1385-86 (J.P.M.L. 2014).

In opposing transfer, plaintiffs argue that federal jurisdiction is lacking, citing rulings in the District of Minnesota and the MDL No. 2885 transferee court.[3] But the Panel consistently has held that jurisdictional issues generally do not present an impediment to transfer.[4] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs can present their remand arguments to the transferee judge. "This is so even where, as here, plaintiffs assert that the removals were patently improper. 'Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues

---

the Combat Arms™ earplug to fit correctly in the wearer's ear and create the seal necessary to block out damaging sounds."); *Dodson* Compl., ¶ 73 (same); Master Compl., MDL No. 2885, ECF No. 704, ¶¶ 304-05 (alleging Combat Arms earplugs "did not warn or instruct that it allows harmful sounds to bypass the earplug, thereby posing a serious risk" and defendants "failed to warn or instruct that their testing subjects did not follow standard instructions, but rather used a reconfigured method of folding back the opposing flanges before inserting the device into their ears.").

[3]   *See, e.g., Graves v. 3M Company*, C.A. No. 19-3094, 2020 WL 1333135 (D. Minn. Mar. 23, 2020); *Trail v. 3M Company*, C.A. No. 20-01153, 2020 WL 4193868 (D. Minn. Jul. 21, 2020); *Copeland, et al. v. 3M Co., et al.*, C.A. No. 0:20-01490, 2020 WL 5748114 (D. Minn. Sept. 25, 2020); *Sultan v. 3M Co., et al.*, C.A. No. 0:20-01747, 2020 WL 7055576 (D. Minn. Dec. 2, 2020); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 474 F. Supp. 3d 1231 (N.D. Fla. 2020).

[4]   Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so. We, therefore, decline to delay our decision to give the transferor court further time to rule on the pending remand motions, as requested by plaintiffs in the alternative.

relating to a motion to remand.'" *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018) (quoting *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Florida and, with the consent of that court, assigned to the Honorable M. Casey Rodgers for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Catherine D. Perry          Nathaniel M. Gorton
Matthew F. Kennelly         David C. Norton
Roger T. Benitez            Dale A. Kimball

**IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION**                    MDL No. 2885

## SCHEDULE A

<u>District of Minnesota</u>

ALDRIDGE, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20-02256
DODSON, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20-02297
BILLUPS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20-02298
BISSESSAR, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20-02313
ALLMAN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20-02338